UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HAYS GROUP OF KANSAS CITY, LLC d/b/a CLAIMS MANAGEMENT OF MISSOURI d/b/a MISSOURI MERCHANTS AND MANUFACTURERS ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> CASEY'S GENERAL STORES, INC., et al., <br><br> Defendants. | Case No. 1:19CV00050 ACL |

## MEMORANDUM AND ORDER

Presently pending before the Court is Plaintiff's Motion to Amend Pleadings. (Doc. 10.) Also pending is Defendants' Joint Request for Oral Argument in Opposition to Plaintiff's Motion to Amend its Pleadings. (Doc. 13).

## Background

On February 25, 2019, Plaintiff the Hays Group of Kansas City, LLC ("Hays") d/b/a Claims Management of Missouri d/b/a Missouri Merchants and Manufacturers Association ("MMMA") filed its Petition for Damages in the Circuit Court of Dunklin County, Missouri, against Defendants Casey's General Stores, Inc. ("Casey's"), Casey's Services Company ("CSC"), and Casey's Marketing Company ("CMC"). The Petition stated that MMMA is a "limited liability company doing business in Missouri providing claims management services and managing a workers' compensation group trust fund known as Missouri Merchants and

Manufacturers Association WC Fund ("Fund").  (Doc. 6 at ¶1.)  Hays, on behalf of the Fund, sought to recover amounts paid to Robert Lewis under Missouri Worker's Compensation law due to injuries Mr. Lewis sustained on Defendants' property.

On April 2, 2019, Defendants Casey's, CSC, and CMC filed their Notice of Removal to this Court, in which they alleged jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332(a). (Doc. 1.)  In its Notice of Removal, Defendants state that Plaintiff Hays is a "Minnesota limited liability company, licensed to do business in Missouri and maintains its principal place of business" in Minnesota.  (Doc. 1 at p. 2.)  Defendant states that Casey's, CMC, and CSC are all Iowa corporations with principal places of business in Iowa.  *Id.*  Contemporaneous with the Notice of Removal, Defendants Casey's and CSC filed a Joint Motion to Dismiss, in which they argue that neither party owned, operated or controlled the property or convenience store where the incident occurred.  (Doc. 3.)

In an Order dated April 3, 2019, the Court *sua sponte*, found that Plaintiff Hays' citizenship had not been addressed appropriately, as there were no allegations concerning the members of the Plaintiff LLC.  (Doc. 8.)  The Court therefore directed Defendants to file an Amended Notice of Removal that alleged facts showing the existence of the requisite diversity of citizenship of the parties.

On April 17, 2019, Defendants filed a Joint Amended Notice of Removal, in which they state that counsel for Defendants sought to obtain a stipulation from Plaintiff's counsel regarding the citizenship of the Members of Plaintiff's LLC, but were unable to obtain such.  (Doc. 9.)  Defendants further state that they believe that the Members of the Plaintiff LLC are citizens of Missouri.  Defendants request leave to conduct discovery to ascertain whether any of the Members are citizens of Iowa, which would defeat complete diversity.

On April 22, 2019, Plaintiff filed a Motion to Amend its Pleadings Pursuant to Rule 15(a) and 15(c). (Doc. 10.) Plaintiff seeks to amend its Complaint to correct the name of the legal entity that brings this action to "Missouri Merchants and Manufacturers Association Workers' Compensation Trust Fund" ("Fund"). Plaintiff states that counsel for Plaintiff discovered that the Fund is a separate entity from Hays and Missouri Merchants and Manufacturers Association ("Association"). The proposed First Amended Complaint alleges that the Fund is a "duly recognized self-insurer by the Missouri Division of Workers' Compensation providing workers' compensation benefits to employers who are members of the fund," and is domiciled in Missouri. (Doc. 10-1 at ¶ 1.)

Defendants filed a Joint Opposition to Plaintiff's Motion to Amend. (Doc. 11.) Defendants argue that Plaintiff should not be allowed to substitute a new Plaintiff after the original statute of limitations has run. Defendants state that, because the original date of injury was March 4, 2014, the statute of limitations ran on March 4, 2019.

On July 17, 2019, Defendants filed a Request for Oral Argument in Opposition to Plaintiff's Motion to Amend. (Doc. 13.) Because the Court finds that this issue can be resolved on the pleadings as discussed below, the Request for Oral Argument will be denied.

**Discussion**

As previously noted, Plaintiff requests leave to amend the Complaint to change the name of the legal entity that brings this action. Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course within 21 days after service of a response pleading or motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)B). Because Plaintiff filed its Motion to Amend within 21 days of the filing of Defendants' Motion to Dismiss under Rule 12(b), Plaintiff may amend its complaint as a matter of course.

The Court next examines whether the amendment relates back to the original pleading. Federal Rule of Civil Procedure 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts." *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015) (citation omitted). The rule in Missouri is the same. *See* Mo. Sup. Ct. R. 55:33(c); *Plubell v. Merck & Co.,* 434 F.3d 1070, 1072 (8th Cir. 2006) ("Missouri Rule 55.33(c) 'is derived from Rule 15(c) of the Federal Rules of Civil Procedure.'") (quoting *Koerper & Co. v. Unitel Int'l, Inc.,* 739 S.W.2d 705, 706 (Mo. 1987)).

The Eighth Circuit has acknowledged that Rule 15(c) does not expressly address the question of whether the addition of a plaintiff through an amended pleading will relate back to the date of the original pleading. *Plubell.,* 434 F.3d at 1072. The Court, however, cited the following remarks of the advisory committee notes to the 1966 amendments of Rule 15(c):

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

*Id.* (quoting Fed. R. Civ. P. 15(c) advisory committee's note on the 1966 amendment). The Court determined that the Rule 15(c)(3) approach should apply. *Id.* That is, when an amendment adds a new plaintiff, it "relates back if 'the defendant knew or should have known that it would be called on to defend against claims asserted by the newly-added plaintiff,' unless 'the defendant would be unfairly prejudiced in maintaining a defense against the newly-added plaintiff.'" *Id.*

Applying this test to the facts of the instant case, the Court finds that the amendment relates back to the original Complaint. Plaintiff seeks to correct the name of the entity bringing this action due to Plaintiff's counsel's discovery that the Fund was a separate legal entity from Hays and Association. The Court has reviewed the proposed First Amended Complaint and the substantive allegations remain unchanged from the original Complaint. The alleged "conduction, transaction, or occurrence" in the original Complaint and proposed Amended Complaint are the same. In both pleadings, it is alleged that the Fund provided workers' compensation benefits to Mr. Lewis due to injuries he sustained on Defendants' property, and the Fund seeks reimbursement pursuant to Mo. Rev. Stat. § 287.150. The Amended Complaint simply modifies the allegation that MMMA is an LLC to "MMMA Fund is a duly recognized Missouri self-insurer by the Missouri Division of Workers' Compensation providing workers' compensation benefits to employers who are members of the fund." (Doc. 10-1 at & 1.)

Under these circumstances, Defendants received notice of the action brought against it, and will not be prejudiced by the mere change in name of the Plaintiff. Thus, the First Amended Complaint relates back to the initial Petition for Damages filed in Missouri state court. The Court further finds that the First Amended Complaint alleges facts showing the existence of the requisite diversity of citizenship of the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Request for Oral Argument in Opposition to Plaintiff's Motion to Amend its Pleadings (Doc. 13) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion to Amend (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket Plaintiff's First Amended Complaint, which was submitted as an attachment to the Motion to Amend.

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the First Amended Complaint within 21 days after service of the First Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants' pending Motion to Dismiss (Doc. 3) is denied as moot.

Dated this 23rd day of July, 2019.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE